IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

TRINIDAD HORTA,

        Defendant.
_____

CR. NO. S-99-0201 EJG
CIV. NO. S-08-1164 EJG

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  After reviewing the record, the documents filed in support of the motion, and the applicable law, the court has determined that the motion can be decided without a hearing and without a response from the United States because the files and records of the case affirmatively show the factual and legal invalidity of defendant's motion.  Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons set forth below, the motion is DENIED.

BACKGROUND

Defendant was convicted May 7, 2002 pursuant to his plea of guilty to one count of conspiracy to possess pseudoephedrine with reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(d)(2) and 846. He was sentenced July 29, 2002 to a term of 60 months imprisonment and 36 months supervised release.[1]

DISCUSSION

In his motion to vacate, set aside or correct his sentence, defendant requests a re-evaluation of his sentence, contending he should have received a three-level reduction in his offense level for his acceptance of responsibility. Defendant's argument is unavailing and his motion is denied on both procedural and substantive grounds.

First, defendant waived his right to collaterally attack his conviction and sentence as part of his plea agreement. Plea Agreement, Document 47, 8:5-8. Defendant's waiver of his appellate rights is enforceable as long as the waiver encompasses the grounds raised in the challenge and is knowingly and voluntarily made. United States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding waiver of appellate rights); United States v. DeJarnette, 63 Fed. Appx. 284 (9th Cir. 2003)

---

[1] His term of supervision commenced in February 2007. In September of 2007, supervised release was revoked pursuant to admissions defendant made to a petition charging violations of supervised release. He is currently serving a 24-month term of imprisonment on the violations.

(upholding waiver of appeal and collateral attack).  The waiver contained in defendant's plea agreement is broad, waiving <u>all</u> rights to appeal or attack collaterally his plea and sentence.  Plea Agreement, Doc. 47, 8:5-8.  Nor has defendant alleged or demonstrated that his waiver was either involuntary or unknowing.

Second, even if the plea agreement did not contain an appellate waiver, defendant's post-conviction attack is time-barred.  Motions to vacate, set aside or correct sentence must be filed within one year of entry of judgment.  <u>See</u> 28 U.S.C. § 2255.  In most cases the one year period runs from the date on which "the judgment of conviction became final."  28 U.S.C. § 2255(1).  A judgment is final after judgment has been entered, the availability of appeal has been exhausted, and the time for filing a certiorari petition has elapsed or the petition has been denied.  <u>Griffith v. Kentucky</u>, 107 S.Ct. 708, 712 n.6 (1987).  Here, judgment was entered July 29, 2002.  Defendant did not file an appeal, thus judgment became final ninety days after entry of the judgment on the docket, or October 1, 2002.  Defendant's motion filed more than five and one-half years after expiration of the limitations period is time-barred.

Third, the relief defendant seeks would have no effect on his sentence.  A decrease of one level in the base-offense level would have reduced the sentencing range from 120-150 months to 110-137 months.  However, the plea agreement called for a 60 month sentence based on defendant's cooperation which, in fact,

3

is the sentence defendant received.  Finally, defendant completed the incarceration component of his sentence more than one year ago, making the requested relief moot.

<u>CONCLUSION</u>

Based on the foregoing, defendant's motion to vacate, set aside or correct his sentence is DENIED.  The Clerk of Court is directed to close civil companion case, CIV. NO. S-08-1164 EJG.

IT IS SO ORDERED.

Dated: June 17, 2008

         <u>/s/ Edward J. Garcia</u>
         EDWARD J. GARCIA
         UNITED STATES DISTRICT COURT